```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                      PINE BLUFF DIVISION


EDMOND McCLINTON                                        PETITIONER


vs.                  Civil Case No. 5:05CV00303 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                       RESPONDENT
```

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.  Why the record made before the Magistrate Judge is
       inadequate.

>   2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
>   3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Edmond McClinton, an inmate of the Arkansas Department of Correction, seeks a writ of habeas corpus under 28 U.S.C. § 2254. A jury convicted Petitioner on January 22, 1996, of two counts of aggravated robbery and sentenced him to twenty years imprisonment. On January 26, 1996, he entered a guilty plea to the charge of murder in the first degree, and he received a concurrent thirty year sentence. He does not state he appealed or sought post-conviction relief as to either conviction or sentence. He challenged the murder conviction in a previous § 2254 petition that was dismissed with prejudice on June 29, 2000. McClinton v. Norris, Case No. PB-C-99-386 (E.D.Ark. 2000).

His sole ground for relief in this petition is his assertion that his parole eligibility date is incorrect on his time card under Ark. Code Ann. 16-93-607(d). He raised this allegation in a previous federal habeas petition, McClinton v. Norris, No. 2:02CV126 (E.D. Ark. October 17, 2005), which was dismissed for failure to exhaust state remedies. It appears Petitioner presented this claim to the state court in a petition for a writ of mandamus, which the state court denied because he did not show he had a "clear legal right to the relief sought."

A habeas petitioner may only obtain relief if he shows a violation of the Constitution or the laws or treaties of the United States. See Williams v. Taylor, 529 U.S. 362, 389 (2000). A person is entitled to due process when government action deprives him of his liberty or property, but there is no liberty interest in or constitutional right to release on parole before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Arkansas statutes do not create a liberty interest in parole. Parker v. Corrothers, 750 F.2d 653 (8th Cir.1984). Thus, Petitioner has no liberty interest in his parole eligibility date, and he is not entitled to habeas relief on this claim.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 17th day of October, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge

3